■ AMANA CREDIT SERVICES, INC., Respondent, v ERIE COUNTY MEDICAL CENTER, Appellant.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: The County of Erie sought bids on contracts for the collection of delinquent patient accounts at the Erie County Medical Center. Petitioner commenced this CPLR article 78 proceeding, alleging that the county's rejection of its bid was arbitrary and capricious. Special Term erred in granting the petition and directing that the contract be rebid.

The county did not abuse its discretion in rejecting petitioner's bid because, by expressing the bid as a flat dollar amount rather than as a percentage of the delinquent amount, petitioner substantially and materially varied from the bid specifications *(see, Matter of Cataract Disposal v Town Bd.,* 53 NY2d 266, 271-272; *Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 31-32, *affd* 46 NY2d 960). The fact that one of the successful bidders submitted a bid proposing a higher rate than the rate contained in another contract with the State University of New York did not violate the bid specifications because the subject matter of the State contract (collection of delinquent student accounts) was not the same or similar to the subject matter of the instant contract and, therefore, did not constitute a violation of paragraph 20 of the invitation to bid. In any event, even if this could be deemed a variance from the bid specifications, it was no more than a mere irregularity which the county was free to disregard *(see, Matter of Cataract Disposal v Town Bd., supra; Le Cesse Bros. Contr. v Town Bd., supra).* The county's use of penalty points in evaluating the bids did not constitute a recomputation of the bids and did not deny petitioner an equal opportunity to compete and to make an intelligent bid *(cf., Matter of Progressive Dietary Consultants v Wyoming County,* 90 AD2d 214). We have considered petitioner's remaining claims and find them lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Mintz, J.—art 78.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.